URSULA UNGARO, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court upon Plaintiff's Motion In Limine (the "Motion"). D.E. 350.
THE COURT has reviewed the Motion and the pertinent portions of the records, and is otherwise fully advised of the premises.
Plaintiff brings a civil action pursuant to 42 U.S.C. § 1983 against Defendants, each of whom are City of Miami police officers. Plaintiff alleges, in sum and substance, that absent provocation, Defendants used excessive force when apprehending him on September 24, 2014.[1] Defendants, on the *1288 other hand, claim that Plaintiff attempted to flee law enforcement and then resisted arrest once apprehended, thereby necessitating the use of force. In his Motion, Plaintiff requests that the Court exclude from admission at trial evidence of: (i) the underlying facts of his arrest; and (ii) the presence or use of controlled substances at the time of his arrest. For the reasons outlined below, the Court denies Plaintiff's Motion.
BACKGROUND
The underlying facts of Plaintiff's arrest are follows[2] :
On the morning of September 24, 2014, Plaintiff got behind the wheel of a car parked on a hotel valet ramp. Taking the car without the owner's authorization, Plaintiff proceeded to crash the vehicle into the back of another car. A struggle then ensued as employees of the hotel attempted to extricate Plaintiff from the stolen car. In response, Plaintiff drove the vehicle forward and crashed into another car. Plaintiff then put the car in reverse, thereby pinning the aforementioned hotel employees between the stolen car and another parked car. Plaintiff proceeded to speed away from the scene with the driver's car door still ajar. Following his arrest, Plaintiff pled guilty to multiple felony charges, including carjacking, burglary, multiple counts of aggravated battery with a deadly weapon, and other related charges.
Internal Affairs conducted an investigation of Plaintiff's arrest. When he was interviewed as part of the investigation, Plaintiff admitted that he was under the influence of drugs on September 24, 2014, and could not exactly recall everything that occurred that day.[3] Additionally, at the time of his arrest, a crack pipe and multiple empty beer cans were found inside the motel room that Plaintiff was occupying that day.
ANALYSIS
I. Evidence of the Underlying Facts of Plaintiff's Arrest
In his Motion, Plaintiff argues that "many of the facts underlying the criminal investigation for carjacking that preceded Plaintiff's arrest have no material import or should not be introduced; they are simply irrelevant."[4] D.E. 350 at *2. The Supreme Court has ruled that "[d]etermining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against countervailing governmental interests at stake." Graham v. Connor , 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal citations omitted). Accordingly, the test for reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (internal citation omitted).
Defendants argue that the underlying facts of Plaintiff' arrest, which involve multiple felonious acts including aggravated battery with a deadly weapon, "will assist the jury in determining the severity of the crime and evaluating the *1289 excessive force claim" in this case. D.E. 352 at *3. The Court agrees. "The force used by law enforcement must be evaluated in light of the objective circumstances present at the time the decision to use force was made." Samarco v. Neumann , 44 F.Supp.2d 1276, 1281 (S.D.Fla. 1999) (citing Graham , 4901 U.S. at 396, 109 S.Ct. 1865 ). As such, the arresting officers' knowledge that less than twelve hours before approaching him, Plaintiff had committed multiple violent felonies is evidence the jury should consider in determining the reasonableness of Defendants' conduct on September 24, 2014.[5] See 11th Cir. Jury Instr. (Civ.) 5.2.
Additionally, in order to succeed on his excessive force claim against Defendants, Plaintiff must prove by a preponderance of the evidence that Defendants' conduct caused his alleged injuries. Id. Defendants argue that evidence of the underlying facts of Plaintiff's arrest is probative to the jury's determination of causation in this case. Given that on the day of his arrest Plaintiff "struggle[ed] with hotel employees that tried to stop him during the carjacking", was involved in "three separate impacts while [he] crashed into cars parked in the valet [ ] area", and "violently push[ed] other cars out of the way so he could escape", calls into question whether the injuries Plaintiff sustained on September 24, 2014 were caused by the Defendants' conduct. D.E. 352 at *3. The Court, therefore, finds that evidence of the underlying facts of Plaintiff's arrest is relevant to the jury's determination of causation in this case. Plaintiff's Motion to exclude such evidence is, therefore, denied.
II. Evidence of the Presence and/or Influence of Controlled Substances at the Time of Plaintiff's Arrest
In his Motion, Plaintiff anticipates that Defendants will seek to "characterize [him] as a man who was...under the influence of drugs, alcohol, and/or controlled substances" at the time of his arrest through evidence of drug paraphernalia found in his motel room and/or testimony from the arresting officers about Plaintiff's physical appearance. D.E. 350 at *3. According to Plaintiff, such evidence is not "probative of any material fact in this trial" unless Defendants also establish that the paraphernalia was recently used or that Plaintiff's fingerprints were found on such items. Plaintiff does not cite a single authority for this proposition. Plaintiff further argues that any testimony from the arresting officers that Plaintiff was under the influence of drugs would require "rampant speculation". Id. In their Response, Defendants state that they intend to introduce evidence of Plaintiff's own statements to Internal Affairs that he was under the influence of drugs on September 24, 2014, and consequently, could not recall exactly everything that occurred that day. D.E. 352 at *4. Defendants also intend to introduce evidence of the presence of beer cans and a crack pipe in the Plaintiff's motel room at the time of his arrest.
While evidence of Plaintiff's drug use on the day of his arrest may not be admitted simply to paint the Plaintiff in a negative light or to attack his general credibility, "the jury [is] entitled to consider [Plaintiff's] use of drugs in evaluating *1290 [his] ability to recount the critical events as they unfolded that night." Knight through Kerr v. Miami-Dade County , 856 F.3d 795, 817 (11th Cir. 2017). See also, United States v. Sellers , 906 F.2d 597, 602 (11th Cir. 1990) (Given the risk of prejudice from evidence of drug use, the Eleventh Circuit has routinely held that "such evidence may properly be limited to 'specific instances of drug use [during] relevant periods of trial and the transaction charged in the indictment.' ") (quoting United States v. Holman, 680 F.2d 1340, 1353 (11th Cir.1982) ); Jarrett v. United States , 822 F.2d 1438, 1446 (7th Cir.1987) ("A witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at the trial."); United States v. Hickey , 596 F.2d 1082, 1090 (1st Cir.1979) (finding that a witness can be asked about drug use that may have affected his perception of events as long as the drug use occurred within a reasonable time of the events surrounding the trial). Accordingly, Plaintiff's admission that he was under the influence of drugs on the day of his arrest, as well as evidence of empty beer cans and drug paraphernalia in the motel room in which he was arrested, is highly probative to the jury's evaluation of the reliability of Plaintiff's perception of the events that unfolded on September 24, 2014. Given that Plaintiff is the sole eyewitness to his version of events, the accuracy of Plaintiff's testimony is a material issue in this case. Accordingly, Plaintiff's motion to exclude evidence of the presence and/or influence of drugs on the day of his arrest is denied.
CONCLUSION
The Court finds that evidence of the underlying facts of Plaintiff's arrest and use of drugs and alcohol on September 24, 2014 is highly probative to the jury's determination of liability in this case. Therefore, the probative value of such evidence substantially outweighs its possible prejudicial effect. See Fed. R. Evid. 403.[6] Accordingly, it is hereby
ORDERED AND ADJUDGED that Plaintiff's Motion, D.E. 350, is DENIED.
DONE AND ORDERED in Chambers at Miami, Florida, this 23d day of October, 2017.

Plaintiff's arrest led to a multi-felony conviction for which Plaintiff is currently servicing a twenty-year sentence in state prison.

The following facts are taken from Defendant's Response. D.E. 352 at *3-4.

Plaintiff's statement was reflected in a June 16, 2015 memorandum prepared by Sergeant Oriel Tameron in Internal Affairs case number 15-016. D.E. 352 at *4.

Plaintiff does not indicate which of the underlying facts are and are not relevant.

The Eleventh Circuit pattern jury instructions for a § 1983 excessive force claim requires the jury to consider the severity of the underlying facts of the plaintiff's arrest:
Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer-even though the arrest is otherwise lawful...Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, and whether the suspect resists or flees.
11th Cir. Jury Instr. (Civ.) 5.2.

Plaintiff only makes a Rule 403 argument as to the underlying facts of his arrest. D.E. 350 at *2.